1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**O**

<mark>NO JS-6</mark>

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARTHUR GRAY,                          ) Case No. CV 11-05337 DDP (PLAx)
                                      )
               Plaintiff,             )
                                      ) **ORDER GRANTING DEFENDANT'S MOTION**
     v.                               ) **TO DISMISS IN PART AND DENYING IN**
                                      ) **PART**
JPMORGAN CHASE BANK, a New            )
York Corporation; PAMELA S.           )
COONS,                                )
                                      ) [Dkt. No. 6]
               Defendants.            )
                                      )
_____        )

        Presently before the court is Defendant JPMorgan Chase Bank's

Motion to Dismiss Plaintiff's First Amended Complaint.  Having

considered the submissions of the parties, the court grants the

motion in part, denies in part, and adopts the following order.

**I.   Background**

        Plaintiff is a paraplegic, and uses a wheelchair for mobility.

(First Amended Complaint ("FAC") ¶ 1).  Defendants operate a Chase

Bank branch ("the bank") in Bakersfield, California.  (Id. ¶2.)

Plaintiff filed a complaint ("the original complaint") in state

court alleging violations of California's Unruh Civil Rights Act,

California Civil Code § 51 et seq., and the California Disabled

1   Persons Act, California Civil Code § 54 et seq.  (Defendant's

2   Notice of Removal, Ex. A at 3 (original complaint.)   The original

3   complaint alleged that the bank did have lowered counters for

4   wheelchair users, but did not staff those counters at all times or

5   display signs indicating that the counters were open at all times.

6   (Original complaint § 5, 9, 11.)

7       Plaintiff later filed a First Amended Complaint.  (Notice of

8   Removal, Ex. B.)   The FAC alleges an additional cause of action for

9   violation of the Americans with Disabilities Act, 42 U.S.C. § 12101

10  et seq.[1]   Contrary to the original complaint, however, the FAC

11  alleges that the bank does not have lowered, wheelchair accessible

12  counters.  (FAC ¶ 9.)   The FAC also alleges that "[i]f there was a

13  lowered section or lowered bank teller transaction area, it was not

14  open, was not manned, and was not identified with signage

15  indicating that it was to remain open when the plaintiff visited."

16  (FAC ¶ 5.)   The FAC further alleges that the lack of lowered

17  counters, signage, and permanent staffing of lowered counters

18  violates the California Building Code, and thus violates the Unruh

19  Act and California Disabled Persons Act.   (FAC ¶¶ 13, 17.)

20  Defendant now moves to dismiss the FAC.

21  **II.   Legal Standard**

22      A complaint will survive a motion to dismiss when it contains

23  "sufficient factual matter, accepted as true, to state a claim to

24  relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.

25  Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

26  544, 570 (2007)).   When considering a Rule 12(b)(6) motion, a court

27  _____

28      [1] Defendant subsequently removed to this court on the basis of
    federal question jurisdiction.  (Notice of Removal at 2-3.)

2

1  must "accept as true all allegations of material fact and must

2  construe those facts in the light most favorable to the plaintiff."

3  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a

4  complaint need not include "detailed factual allegations," it must

5  offer "more than an unadorned, the-defendant-unlawfully-harmed-me

6  accusation."  Iqbal, 129 S. Ct. at 1949.  Conclusory allegations or

7  allegations that are no more than a statement of a legal conclusion

8  "are not entitled to the assumption of truth." Id. at 1950. In

9  other words, a pleading that merely offers "labels and

10 conclusions," a "formulaic recitation of the elements," or "naked

11 assertions" will not be sufficient to state a claim upon which

12 relief can be granted. Id. at 1949 (citations and internal

13 quotation marks omitted).

14    "When there are well-pleaded factual allegations, a court should

15 assume their veracity and then determine whether they plausibly

16 give rise to an entitlement of relief." Id. at 1950. Plaintiffs

17 must allege "plausible grounds to infer" that their claims rise

18 "above the speculative level." Twombly, 550 U.S. at 555-

19 56. "Determining whether a complaint states a plausible claim for

20 relief" is a "context-specific" task, "requiring the reviewing

21 court to draw on its judicial experience and common sense." Iqbal,

22 129 S. Ct. at 1950.

23 **III. Discussion**

24    A. ADA Claims

25        1. Lack of Accessible Teller Windows

26    Plaintiff's opposition clarifies that his ADA claim is not

27 based on any lack of signage, but rather on Defendant's alleged

28 failure to install or staff lowered counters.  (Opp. at 7, 9 n.2.)

3

1  Plaintiff's allegation regarding the lack of lowered counters,

2  however, directly contradicts the allegations of the original

3  complaint.  The allegations of the original complaint serve as a

4  judicial admission that the bank <u>did</u> have lowered counters for

5  wheelchair users.  <u>See</u> <u>Sicor Ltd. v. Cetus Corp.</u>, 51 F.3d 848, 859

6  (9th Cir. 1995).  "Where allegations in an amended complaint

7  contradict those in a prior complaint, a district court need not

8  accept the new alleged facts as true, and may, in fact, strike the

9  changed allegations as 'false and sham.'" <u>Azadpour v. Sun</u>

10  <u>Microsystems, Inc.</u>, CV 06-03272, 2007 WL 2141079 at *2 n.2 (N.D.

11  Cal. July 23, 2007.)  Where a party explains the error in a

12  subsequent pleading or by amendment, this court must afford the

13  explanation "due weight."  <u>Sicor</u>, 51 F.3d at 860; <u>see</u> <u>also</u>

14  <u>Stonebrae, L.P. v. Toll Bros., Inc.</u>, CV 08-0221, 2010 WL 114010 at

15  *8-9 (N.D. Cal. January 7, 2010).  Here, though Plaintiff briefly

16  acknowledges the error, neither the FAC nor Plaintiff's opposition

17  provides any explanation for the inconsistency between the original

18  complaint and the FAC.  (Opp. at 6 n.1 ("The original complaint

19  erroneously noted that there were lower counters . . . .")) The

20  FAC's contradictory allegation that the bank did not have lowered

21  counters is therefore stricken.

22              2.   Failure to Make Accessible Windows Available

23         According to Defendants, Plaintiffs allege that ADA

24  Accessibility Guidelines for Buildings and Facilities ("ADAAG")

25  require all wheelchair-accessible teller windows to be staffed at

26  all times.  (Mot at 5.)  This assertion appears to misstate the

27  FAC, which alleges that "if there was any alternative transaction

28  area that was accessible wheelchair users, the Defendants violated

1   the ADA by failing to keep this accessible station open and

2   accessible to the plaintiff."  (FAC ¶ 9.)  Thus, the FAC appears to

3   allege only that the lowered counters were not made available to

4   Plaintiff.[2]  Plaintiff's opposition further clarifies that his

5   claim is not based upon a violation of the ADAAG.  (Opp. at 7.)

6        To prevail on an ADA discrimination claim, a "plaintiff must

7   show that (1) []he is disabled within the meaning of the ADA; 2)

8   the defendant is a private entity that owns, leases, or operates a

9   place of public accommodation; and (3) the plaintiff was denied

10  public accommodations by the defendant because of [his]

11  disability."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th

12  Cir. 2007).  As noted by Plaintiff, the ADAAG concerns the design

13  and construction of facilities, and does not control questions

14  regarding the use of accessible designs.  Fortyune v. American

15  Multi-Cinema, Inc., 364 F.3d 1075, 1085 (9th Cir. 2004).  In

16  Fortyune, the Ninth Circuit explained that a defendant's policies

17  might constitute discrimination under the ADA, even if the

18  defendant was in compliance with the ADAAG.  Id.  Here, because

19  Plaintiff has alleged that Defendant failed to make an accessible

20  counter available to him, Plaintiff has stated a plausible claim

21  for relief under the ADA.

22      B.   State Law Claims

23      Plaintiffs state law claims parallel his ADA claim.  See

24  Oliver v. Ralphs Grocery Co., 654 F.3d 903, 906 n.6 (9th Cir.

25  2011).  Violations of the ADA also constitute violations of the

26  _____

27       [2] The FAC's ADA allegations differ somewhat from the state law
    allegations, which allege that "Chase was required to have . . .
28  signage indicating that the lowered section of counter was open at
    all times for persons with disabilities."  (FAC ¶¶ 13, 17.)

1  California Disabled Persons act and Unruh Civil Rights Act.  Cal.

2  Civ. Code § 54(c); Cal. Civ. Code § 51(f).  Plaintiff's state law

3  claims are based on the ADA violation described above and on

4  violations of California Building Code Sections 1105B.1 and 1122B.[3]

5  (FAC ¶¶ 13, 17.)

6       The FAC alleges that the California Building Code requires

7  "signage indicating that the lowered section of counter was open at

8  all times for persons with disabilities."  (Id.)  Neither Section

9  1105B.1 nor 1122B, however, makes any reference to signage.  See

10  http://publicecodes.citation.com/st/ca/st/b200v10/st_ca_st_b200v10_

11  11b_sec006.htm;

12  http://publicecodes.citation.com/st/ca/st/b200v10/st_ca_st_b200v10_

13  11b_sec023.htm.  Apparently conceding that the California Building

14  Code does not support the allegations of the FAC, Plaintiff's

15  opposition argues that his "tougher" signage allegations are viable

16  under the prior, 2007 version of the California Building Code.

17  (Opp. at 9.)  The FAC does not allege any facts, however, to

18  support Plaintiff's assertion that the 2007 code applies.  See

19  Schneider v. California Dep't of Corrections,151 F.3d 1194, 1197

20  n.1 (9th Cir. 1998) ("In determining the propriety of a Rule

21  12(b)(6) dismissal, a court *may not* look beyond the complaint to a

22  plaintiff's moving papers, such as a memorandum in opposition to a

23  defendant's motion to dismiss.").  Accordingly, Plaintiff's state

24  law claims must be dismissed.[4]

25  _____

26  [3] All subsequent statutory references refer to the California
    Building Code.

27  [4] Because the FAC does not allege any facts supporting the
    application of the 2007 code, the court does not address the

28
                                              (continued...)

6

**IV.    Conclusion**

    For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED in part and DENIED in part.  Plaintiff's claim regarding the lack of lowered, accessible teller windows is dismissed with prejudice.  Plaintiff's state law claims are dismissed, with leave to amend.  Any amended complaint shall be filed within fourteen days of the date of this order.

IT IS SO ORDERED.

Dated: April 18, 2012

                                        DEAN D. PREGERSON
                                        United States District Judge

---

    [4](...continued)
parties' arguments regarding the 2007 code.  The court notes, however, that the parties agree that under the 2007 code, Section 1105B.3.1 incorporated the requirements of Section 1110B.1, as well as Section 1122.B.  While Section 1122.B.1.5 specifically referred to "teller stations in a bank," Section 1110B.1, in contrast, applied only to establishments with "check stands."  See http://publiccodes.citation.com/st/ca/st/b200v07/st_ca_st_b200v07_11b_sec022.htm; http://publiccodes.citation.com/st/ca/st/b200v07/st_ca_st_b200v07_11b_sec010.htm.