O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR GRAY, | ) | Case No. CV 11-05337 DDP (PLAx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS IN PART AND GRANTING MOTION IN PART** |
| JPMORGAN CHASE BANK, a New York Corporation; PAMELA S. COONS, | ) | [Dkt. No. 21] |
| Defendants. | ) | |

Presently before the court is Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC"). Having considered the submissions of the parties, the court grants the motion with respect to Defendant Coons, denies the remainder of the motion, and adopts the following order.

**I.   Background**

Plaintiff is a paraplegic, and uses a wheelchair for mobility. (SAC ¶ 1). Defendants operate a Chase Bank branch ("the bank") in Bakersfield, California. (Id. ¶2.) When Plaintiff visited the bank, no accessible service counter or feature was made available to him. (Id. ¶¶ 4, 9.) Plaintiff now asserts three causes of

action against the bank for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., California's Unruh Civil Rights Act, California Civil Code § 51 et seq., and the California Disabled Persons Act, California Civil Code § 54 et seq. The bank now moves to dismiss all claims.[1]

## II.  Legal Standard

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

---

[1] Plaintiff does not oppose Defendants' motion to dismiss all causes of action against Defendant Coons.  Those claims are, therefore, DISMISSED.

2

1  "When there are well-pleaded factual allegations, a court should
2  assume their veracity and then determine whether they plausibly
3  give rise to an entitlement of relief." <u>Id.</u> at 679.  Plaintiffs
4  must allege "plausible grounds to infer" that their claims rise
5  "above the speculative level." <u>Twombly</u>, 550 U.S. at 555.
6  "Determining whether a complaint states a plausible claim for
7  relief" is a "context-specific task that requires the reviewing
8  court to draw on its judicial experience and common sense." <u>Iqbal</u>,
9  556 U.S. at 679.

## III. Discussion

Defendant argues that Plaintiff here lacks standing for failure to establish an injury in fact.  (Mot. at 6-8).  <u>See</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992).  Defendant argues that Plaintiff's allegation that he "encountered" a barrier is insufficient to establish an injury in fact, and that even if no accessible service counter was made available to Plaintiff, he may not have been injured at all if an "equivalent facilitation" was made available to him.  (Reply at 2-5.)

Defendant's arguments stem from a misreading of <u>Chapman v. Pier 1 Imports (U.S.), Inc.</u>, 631 F.3d 939 (9th Cir. 2011) (en banc).  In <u>Chapman</u>, the Ninth Circuit reiterated that "once a disabled plaintiff has encountered a barrier violating the [Americans with Disabilities Act]," the plaintiff has suffered an injury sufficient to confer standing, "so long as the barrier is related to the plaintiff's particular disability." <u>Chapman</u>, 631 F.3d at 947.  The court noted that a plaintiff does not suffer an injury in fact where she encounters a barrier unrelated to her disability, as in the case of a paraplegic, fully-sighted plaintiff

faced with a lack of Braille signage in an elevator.  Id. at 947 n.4.  "Where the barrier is related to the particular plaintiff's disability, however, an encounter with the barrier necessarily injures the plaintiff by depriving him of full and equal enjoyment of the facility."  Id.

Here, the alleged lack of an accessible service counter less than thirty-six inches in height is clearly related to Plaintiff's paraplegia and use of a wheelchair.  Having encountered a barrier related to his disability, Plaintiff suffered an injury, and has standing.

The possibility that Defendant complied with applicable guidelines by providing Plaintiff with an "equivalent facilitation" appears to present a triable issue of fact, as it directly conflicts with Plaintiff's allegation that the bank "failed to make any accessible features" available to Plaintiff.  (SAC ¶ 9 (emphasis added)).  Furthermore, the provision of an equivalent facilitation would not deprive Plaintiff of standing, but rather would serve as an affirmative defense, which Defendant remains free to prove.  See Kohler v. Presidio Int'l, Inc., No. CV 10-4680 PSG, 2011 WL 4477277 *4 (C.D. Cal. September 27, 2011).

Defendant further argues that Plaintiff's state law claims do not satisfy California Civil Code Section 55.56.  Under Section 55.56, a plaintiff challenging a "construction-related disability standard" must prove that he was denied "full and equal access."  Mundy v. Pro-Thro Enterprises, 192 Cal. App. 4th Supp. 1, 5 (2011). Section 55.56 does not apply here, however.  The SAC does not allege that the bank lacked accessible counters or describe any construction-related barrier.  Furthermore, the SAC does allege

4

that the lack of an accessible surface denied Plaintiff full and equal access to the bank. (SAC ¶ 5.) Plaintiff's state law claims are, therefore, sufficiently pled.[2]

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. All claims against Defendant Coons are DISMISSED. The motion is denied in all other respects.

IT IS SO ORDERED.

Dated: September 4, 2012

DEAN D. PREGERSON
United States District Judge

---

[2] Mundy, which Defendant cites for support, did not articulate pleading standards beyond the denial of equal access requirement, but rather affirmed a judgment against a disabled plaintiff for lack of evidence regarding such denial. Mundy, 192 Cal. App. 4th Supp. at 6.